UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SEBASTIAN BLAND,<br><br>                          Plaintiff,<br><br>         -against-<br><br>PERMELE DOYLE and<br>BILLION DOLLAR BOY, INC.,<br><br>                          Defendant. | Docket No.:<br><br>**COMPLAINT**<br><br>Jury Trial Demanded |

SEBASTIAN BLAND ("Plaintiff"), by and through his attorneys, KANE KESSLER, P.C., as and for his Complaint against BILLION DOLLAR BOY, INC. ("BDB") and PERMELE DOYLE (DOYLE), and collectively referred to as ("Defendants"), allege, upon knowledge as to himself and his own actions and upon information and belief as to all other matters, as follows:

**NATURE OF THE CASE**

1. This is a civil action for damages and equitable relief based upon willful violations by Defendants of the rights of Plaintiff guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160 and New York Codes, Rules & Regulations ("NYCRR"), title 12, § 141-1.4; (iii) the NYLL's requirement that employers furnish employees with wage statements on each payday containing specific categories of accurate information, NYLL § 195(3); (iv) the requirement of the NYLL that employers furnish employees with a wage notice at the time of hiring containing specific categories of accurate information, NYLL § 195(1); and (v) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff was employed by the Defendants from January 14, 2019 through October 28, 2019 as a "business development director" reporting to Permele, the President and principal owner of the Company.

3. Plaintiff was entitled to receive a base salary of $95,000, plus commissions, pursuant to a written employment agreement dated January 17, 2019.

4. Plaintiff was terminated on October 28, 2019 without cause, two days before his scheduled performance review.

5. Despite his title, Plaintiff was essentially an inside salesperson for Defendants, and he was therefore a non-exempt employee pursuant to federal, New York State and New York City law.

6. However, contrary to established federal, New York State and New York City law, Plaintiff never received overtime compensation.

7. As more fully described below, throughout his employment, Defendants intentionally misclassified Plaintiff as an exempt employee.

8. As a result, Defendants willfully failed to pay Plaintiff the wages lawfully due to him under the FLSA, the NYLL and the NYCRR.

9. Specifically, Plaintiff was required to work substantially more than forty (40) hours per week throughout his tenure with BDB, making sales from the company's New York offices.

10. During the entirety of his employment, Defendants intentionally misclassified Plaintiff as an exempt employee in violation of the FLSA and the NYLL, in order to deprive him of overtime compensation for the hours that he worked in excess of forty hours per week.

11. In addition, the Defendants failed to provide Plaintiff with statutorily required accurate wage statements on each payday during his employment pursuant to section 195(3) of the NYLL.

12. Further, at the time that Plaintiff was hired, the Defendants failed to provide accurately and completely the notice mandated by NYLL section 195(1)(a).

13. Although Defendants routinely required Plaintiff to work in excess of forty hours each work week ("Excess Hours"), Defendants intentionally failed to compensate him for the Excess Hours at any rate of pay, let alone at the statutorily required overtime rate of time and one-half his straight-time rate, for each hour that Plaintiff worked per week in excess of forty hours.

## JURISDICTION AND VENUE

14. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, et seq. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

15. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to this claim occurred within this judicial district and pursuant to the agreement between Plaintiff and Defendants dated January 17, 2019.

## PARTIES

16. On or about and between January 14, 2019 and October 28, 2019 (the "Relevant Time Period"), Plaintiff worked for Defendants in New York and he was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCCRR.

17. At all times during the Relevant Time Period, Defendant BDB was and is a Delaware corporation, authorized to do business in New York, with a principal place of business located at 135 Madison Avenue, New York, New York, 10016.

18. At all times during the Relevant Time Period, Permele was the President and principal owner of BDB, the supervisor of Plaintiff and she exercised significant control over Plaintiff and BDB's operations. Permele had the power to hire and fire employees, the power to determine salaries, the responsibility to maintain employment records and she maintained operational control over significant aspects of the BDB's day-to-day functions. As such, Permele is individually liable to Plaintiff for the claims asserted in this action.

19. At all times during the Relevant Time Period, each of the Defendants was an "employer" within the meaning of the FLSA and the NYLL. Additionally, during that time, BDB's qualifying annual business exceeded $500,000, and Defendants were engaged in interstate commerce within the meaning of the FLSA, as they operated (and operate) a business incorporated in Delaware that does business in several others states, including New York, the combination of which subjects Defendants to the FLSA's overtime requirements as an enterprise.

## BACKGROUND FACTS

20. Defendant BDB is an influencer marketing agency, incorporated in Delaware with offices located at 135 Madison Avenue, New York, New York and 26-28 Bedford Row, Third Floor, London, WC1R 4HE.

21. On January 14, 2019 Defendants hired Plaintiff as a "business development director" to work at their New York office, where his specific primary duties entailed selling the services of BDB to potential customers from the New York office of BDB. Plaintiff remained in this position with BDB until he was terminated on October 28, 2019.

22. Pursuant to a written employment agreement dated January 17, 2019, Plaintiff was paid a base salary of $95,000 in periodic installments in accordance with BDB's customary payroll practices and applicable wage payment laws, but no less frequently than semi-monthly, plus commissions based upon a percentage of the gross profit on qualifying sales generated by Plaintiff.

23. Throughout the Relevant Time Period, Plaintiff was required to work five days per week, Mondays through Fridays, for at least nine and one-half hours per day, without a scheduled or uninterrupted break each day, and at least one-half hour on Saturdays and Sundays, totaling at least approximately 48.5 hours per week.

24. Throughout the Relevant Time Period, Defendants intentionally failed to compensate Plaintiff for the Excess Hours, which he was required to work, at any rate of pay, let alone at the statutorily required overtime rate of time and one-half his straight-time rate, for each hour that Plaintiff worked per week in excess of forty hours.

25. Defendants paid Plaintiff on a semi-monthly basis.

26. Upon information and belief, on each occasion when Defendants paid Plaintiff, Defendants failed to provide Plaintiff with a wage statement that accurately listed, *inter alia*, his actual hours worked for that week, his straight rate of pay, and/or his overtime rate of pay.

27. Additionally, upon information and belief, Defendants failed to provide Plaintiff with any wage notice at the time he was hired on January 14, 2019, or at any time thereafter, or any wage notice that accurately contained, *inter alia*, Plaintiff's rates of pay as designated by the employer.

28. Each hour that Plaintiff worked was for Defendants' benefit.

29.     Defendants acted in the manner described herein so as to minimize their overhead while maximizing profits.

### FIRST CAUSE OF ACTION AGAINST DEFENDANTS
*Unpaid Overtime under the FLSA*

30.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 29, with the same force and effect as if fully set forth herein.

31.     29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

32.     As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff is an employee within the meaning of the FLSA.

33.     As also described above, Plaintiff worked in excess of forty hours in a workweek, yet Defendants failed to compensate Plaintiff in accordance with the FLSA's overtime provisions.

34.     Defendants willfully violated the FLSA.

35.     As a result, Plaintiff is entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times Plaintiff's regular rate of pay.

36.     Plaintiff is also entitled to liquidated damages, interest, costs and reasonable attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

### SECOND CAUSE OF ACTION AGAINST DEFENDANTS
*Unpaid Overtime under the NYLL and the NYCCRR*

37.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 36 above, with the same force and effect as if fully set forth herein.

38.     N.Y. Labor Law § 160 and 12 NYCRR § 141-1.4 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

39.     As described hereinabove, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff is an employee within the meaning of the NYLL and the NYCRR.

40.     As also described hereinabove, Plaintiff worked in excess of forty hours in a workweek, yet Defendants failed to compensate Plaintiff in accordance with the overtime provisions of the NYLL and the NYCRR.

41.     As a result, Plaintiff is entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times Plaintiff's regular rate of pay.

42.     Plaintiff also is entitled to liquidated damages, interest, costs and reasonable attorneys' fees for Defendants' violations of the overtime provisions of the NYLL and NYCRR.

**THIRD CAUSE OF ACTION AGAINST DEFENDANTS**
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

43.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 42 above, with the same force and effect as if fully set forth herein.

44.     New York Labor Law § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

45.     As described hereinabove, Defendants are each an employer within the meaning of the NYLL, while Plaintiff is an employee within the meaning of the NYLL.

46. As also described above, upon information and belief, Defendants failed to furnish Plaintiff with an accurate wage statement on each payday containing the criteria required by the NYLL.

47. Throughout the Relevant Time Period, pursuant to NYLL § 198(1-d), Defendant is liable to Plaintiff in the amount of $250.00 for each workday that the violations occurred, up to a statutory cap of $5,000.00 plus costs and reasonable attorney's fees.

### FOURTH CAUSE OF ACTION AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Notice in Violation of the NYLL*

48. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 47 above, with the same force and effect as if fully set forth herein.

49. NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate and specifically enumerated criteria.

50. As described hereinabove, upon information and belief, Defendants failed to furnish Plaintiff with a wage notice at the time that he was hired, containing accurate information and all of the specifically enumerated criteria required by the NYLL.

51. As a result of the foregoing, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff in the amount of $50.00 for each workday after the violation initially occurred, up to a statutory cap of $5,000.00 plus costs and reasonable attorney's fees.

### DEMAND FOR A JURY TRIAL

Pursuant to FRCP 38(b), Plaintiff demands a trial by jury on all claims in this action.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, as follows:

a. A judgment declaring that the practices of Defendants complained of herein are unlawful and in willful violation of the aforementioned laws of United States and the State of New York State;

b. An order restraining Defendants from any retaliation against Plaintiff for participation in any form in this litigation;

c. All damages that Plaintiff has sustained as a result of Defendants' conduct, including all unpaid wages and any discrepancy between wages paid and those due under the law, which Plaintiff would have received but for Defendant's unlawful payment practices;

d. Liquidated damages and any other statutory penalties recoverable under the FLSA, NYLL and NYCCR;

e. Awarding Plaintiff his reasonable attorneys' fees, as well as his costs and disbursements incurred in connection with this action, including expert witness fees and other costs;

f. Pre-judgment and post-judgment interest, as provided by law; and

g. Granting Plaintiff such other and further relief as this Court finds to be necessary, equitable and proper.

Dated: New York, New York
April 23, 2020

Respectfully submitted,

**KANE KESSLER, P.C.**
*Attorneys for Plaintiff*

By:  s/*S. Reid Kahn*
S. Reid Kahn
Jonathan Sabin
666 Third Avenue
New York, New York 10017
rkahn@kanekessler.com
jsabin@kanekessler.com