UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  8/9/21
```

Sebastian Bland,

               Plaintiff,

     –v–

Permele Doyle, *et al.*,

               Defendants.

20-cv-3226 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

     A former business development director for Billion Dollar Boy, Inc., brought this suit alleging that the company misclassified him as an exempt employee and thus failed to make overtime payments required under the Fair Labor Standards Act, 29 U.S.C. §§ 203 et seq. The parties reached a settlement agreement during discovery, which provides for a total settlement payment of $20,000. The employee paid his attorneys on an hourly basis and so no attorney's fees are to be deducted from the settlement amount under the agreement. The Court now considers whether the settlement is fair and reasonable under the standard set forth in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The Court concludes that the agreement's general release is not fair and reasonable. However, because this provision is severable under the terms of the agreement, the Court otherwise approves it.

**I.**    **Legal Standard**

     The unique policy considerations underlying the Fair Labor Standards Act require that a court or the Department of Labor approve any settlement of FLSA claims. *Cheeks*, 796 F.3d at 206. The Court must assure itself that the proposed settlement terms are "fair and reasonable" before approving such a settlement. *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335

1

(S.D.N.Y. 2012). "In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Id.* (cleaned up).

**II.**    **Discussion**

The Court first considers the total amount of the settlement in relation to the employee's possible recovery and the risks and expenses of litigation. The employee calculates his unpaid overtime compensation to be $17,230.26. Dkt. No. 30, at 2. He also claims he could recover up to $10,000 in statutory damages for wage-notice and wage-statement violations under the New York Labor Law. *Id.* The company disputes that the employee was misclassified and that his wage statements were inadequate. Judged against the costs and risks of further litigation, the total settlement amount of $20,000 is reasonable and reflects an arms'-length agreement. And because the employee's attorneys receive no fees out of the settlement, the Court need not assess whether any fee award is fair and reasonable.

The Court also finds that the non-disparagement provision in the settlement agreement is narrow enough to survive scrutiny. Courts in this district have generally held that non-disparagement provisions in a FLSA settlement agreement "must include a carve-out for truthful statements about plaintiffs' experience litigating their case." *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 180 n.65 (S.D.N.Y. 2015); *see, e.g.*, *Flores v. Hill Country Chicken NY, LLC*, No. 16-cv-2916 (ATH) (BP), 2017 WL 3448018, at *3 (S.D.N.Y. Aug. 11, 2017); *Weng v. T&W*

*Rest., Inc.*, No. 15-cv-08167 (PAE) (BCM), 2016 WL 3566849, at *4 (S.D.N.Y. June 22, 2016); *Cionca v. Interactive Realty, LLC*, No. 15-cv-05123 (BCM), 2016 WL 3440554, at *3 (S.D.N.Y. June 10, 2016); *Felix v. Breakroom Burgers & Tacos*, No. 15-cv-3531 (PAE), 2016 WL 3791149, at *3 (S.D.N.Y. Mar. 8, 2016); *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-cv-4259 (RA), 2015 WL 9162701, at *3 (S.D.N.Y. Dec. 15, 2015); *Gaspar v. Pers. Touch Moving, Inc.*, No. 13-cv-8187 (AJN), 2015 WL 7871036, at *3 (S.D.N.Y. Dec. 3, 2015); *cf. Cortes v. New Creators, Inc.*, No. 15-cv-5680 (PAE), 2016 WL 3455383, at *4 (S.D.N.Y. June 20, 2016) (approving a non-disparagement clause with such a carve-out). Although the Court has some concern about the chilling effect of even narrow non-disparagement clauses, it will not depart from this consensus.

The non-disparagement clause in this case applies only to statements that "are not true" and so is permissible under this standard. Dkt. No. 31-1, at 4. The Court emphasizes, however, that consistent with FLSA's remedial purpose, the agreement cannot be used to limit the employee's truthful statements or ability to discuss his experience litigating this case.

The Court finds that the settlement's general release, on the other hand, is overly broad because it extends far past the claims at issue in this case. *See id.* at 1–2. "A FLSA settlement cannot offer the defendant a sweeping release from liability that would 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Lopez v. Ploy Dee*, Inc., No. 15-cv-647 (AJN), 2016 WL 1626631, at *3 (S.D.N.Y. Apr. 21, 2016) (quoting *Cheeks*, 796 F.3d at 206). The settlement agreement does just that. It expressly encompasses claims "relating to discrimination, harassment, [and] retaliation"—claims that have nothing to do with the issues in this case. Dkt. No. 31-1, at 1. The Court finds that a release of discrimination, harassment, and

retaliation claims never raised in this case would be contrary to FLSA's remedial aims and the policy embodied in it and other federal employment statutes. The release provision may thus be enforced only as to claims related to the wage-and-hour issues in this case.

The settlement agreement contains a severability provision, which states that if a court holds any provision of the agreement to contravene public policy, the remainder of the agreement may nonetheless be enforced. Thus, the Court need not require the parties to submit a new agreement without the offending general release. The remaining provisions of the agreement are fair and reasonable, and so the Court approves the proposed settlement except for the general release.

## Conclusion

For the foregoing reasons, the Court approves the proposed settlement (Dkt. No. 31-1) with the exception of its general release. The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated: August 6, 2021
       New York, New York

_____
ALISON J. NATHAN
United States District Judge